RECEIVED
JUL 15 2015
U.S. District Court
Eastern District of MO

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254
## BY A PERSON IN STATE CUSTODY

KENNETH SILLS, 532213                , Petitioner,
Full Name and Prisoner Number

JEFFERSON CITY CORRECTIONAL CENTER
Complete Prison Address (Place of Confinement)

8200 No More Victims Road

JEFFERSON CITY, MISSOURI 65102

Case No. _____
(To be supplied by the Court)

V.

MICHAEL BOWERSOX                , Respondent,
(Name of Warden or authorized person
having custody of petitioner)
(Do not use *et al.*)

and

_____, Additional Respondent.
(List additional persons having custody
of petitioner, if any)

Note: If the applicant is attacking a judgment which imposed a sentence to be served in the future, applicant must fill in the name of the state where the judgment of conviction was entered. If the applicant has a sentence to be served in the future under a federal judgment, which he/she wishes to attack, he/she should file a motion under 28 U.S.C. § 2255, in the federal court which entered the judgment.

## CONVICTION UNDER ATTACK

1) Name and location of the court which entered the judgment of conviction under attack   Missouri Circuit Court, 22nd Judicial Circuit (St. Louis)

2) Date judgment of conviction was entered   March 11, 2011

3) Case number (in state court)   0822-CR06185

4) Type and length of sentence imposed   life imprisonment

5) Are you presently serving a sentence imposed for a conviction other than the conviction under attack in this motion?   Yes ___   No X

6) Nature of the offense involved (all counts)   Murder in the First Degree; and Armed Criminal Action

7) What was your plea? (check one)
Not Guilty X   Guilty ___   Nolo Contendere ___

8) If you entered a guilty plea to one count or indictment, and a not guilty plea to another court or indictment, give details:
N/A

9) If you entered a plea of guilty pursuant to a plea bargain, state the terms and conditions of the agreement   N/A

10) Kind of trial (check one)   Jury X   Judge only ___

11) Did you testify at trial? Yes ___ No X

2

## DIRECT APPEAL

12) Did you appeal from the judgment of conviction?    Yes _X_ No __

13) If you did appeal, give the name and location of the court where the appeal was filed, the result, the case number and date of the court's decision (or attach a copy of the court's opinion or order):
Missouri Court of Appeals for the Eastern District;

Affirmed March 27, 2012; Case Number ED96501

14) If you did not appeal, explain briefly why you did not:
N/A

a) Did you seek permission to file a late appeal? Yes __ No __  N/A

## POST-CONVICTION PROCEEDINGS

15) Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?    Yes _x_ No __

16) If your answer to 15 was "Yes," give the following information:

a) FIRST petition, application or motion.

   1. Name of court Missouri Circuit Court, 22nd Judicial Circuit

   2. Nature of proceeding Motion under MO R. Crim. P. 29.15

   3. Claims raised Trial counsel ineffective for failing to make Batson objection, and for failing to object to state's voir dire examination

   4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No _X_

   5. Result     Denied

3

6. Date of result __November 21, 2014__

7. Did you appeal the result to the highest state court having jurisdiction? Yes _X_ No ___ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)

__Missouri Court of Appeals, Eastern District; Pending__

8. If you did not appeal, briefly explain why you did not __N/A__

b) As to any SECOND petition, application or motion, give the following information:

1. Name of court __Missouri Circuit Court, 22nd Jud. Cir.__

2. Nature of proceeding __Movant's Second Motion Under MO R. Crim. P. 29.15__

3. Claims raised __Appellate Counsel and Postconviction counsel ineffective__

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes ___ No _X_

5. Result __Not filed by Court__

6. Date of result __unknown__

7. Did you appeal the result to the highest state court having jurisdiction? Yes ___ No _X_ If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

4

8. If you did not appeal, briefly explain why you did not _____

Appeal unavailable, by Rule.

c) As to any THIRD petition, application or motion, give the following information:

1. Name of court ____N/A_____

2. Nature of proceeding __N/A_____

3. Claims raised _____N/A_____

4. Did you receive an evidentiary hearing on your petition, application or motion? Yes __ No __   N/A

5. Result ___N/A_____

6. Date of result __N/A_____

7. Did you appeal the result to the highest state court having jurisdiction? Yes __ No __  If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order) ___

N/A

8. If you did not appeal, briefly explain why you did not _____

N/A

## CLAIMS

17) State concisely every claim that you are being held unlawfully. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in this petition all claims for relief which relate to the conviction under attack.

In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.

**Claim One**: PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL AND IN POSTCONVICTION PROCEEDING

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)
See Pages 6A-6C.

(2) Statement of exhaustion of state remedies as to claim one:

Direct Appeal

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No _X_

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not __Appellate Counsel was ineffective__

Post-Conviction Proceedings

6

Paragraph 17(1) <u>SUPPORTING FACTS:</u>

1. The trial transcript reflects that the trial court, <u>sua sponte</u>, ordered the courtroom closed to spectators/the public during a critical stage of the trial, where it addressed the jury in response to a jury note. (Transcript page 724, Exhibit A, attached). The trial court stated no reasons for the closure, in violation of the rule established in <u>Waller v. Georgia</u>, 467 U.S. 39 (1984). Most importantly, the record shows that the petitioner was never advised of the closure.

The violation of the petitioner's right to a public trial was not only a plain error on direct appeal, but a structural error as well. See <u>United States v. Gonalez-Lopez</u>, 548 U.S. 140 (2006) (noting that the denial of the right to a public trial is a structural error) and <u>Walton v. Briley</u>, 361 F3d 431 (7th Cir. 2004) (holding same).

This issue was apparent from the face of the record. There was no strategical reason for counsel to omit this claim from his brief on direct appeal, where he advanced claims that were either waived or meritless. See <u>Shaw v. Dwyer</u>, 555 F.Supp2d. 1000, 1006 (E.D. of MO., 2008) (granting habeas petition where counsel failed to raise a strong claim)

A claim that appellate counsel failed to raise a structural error under plain error review on direct appeal has been found to be constitutional, substantial, and meritorious. See <u>Roe v. Delo</u>, 160 F3d 416 (8th Cir. 1998) (finding appellate counsel ineffective for failing to raise a structural error under plain error review)

-6A-

2. During closing argument, the prosecution made the following comments:

> "We know the person that put three bullets in Marshall's brain...is the defendant"...(Transcript page 680)

**********************************************************

> "That is deliberation, to put three rounds into someone's face from point blank range, then to walk back to a car and fire five more shots." (Transcript page 681)

**********************************************************

> "Now, Mr. Jimmerson didn't bring it up because he can't...
> He says no one saw him walk up and shoot. He is correct.
> Well, a bunch of people did, but never came forward."
> (Transcript page 711)

**********************************************************

> "Now, the records of the calls, all right. If I am saying something, I am going to bring in something to back it up. She didn't bring it in. He tried to put that back on me. She didn't bring any records in. If they exist, why wouldn't they have brought it in to support her testimony." (Transcript page 717).

(See Exhibit B, attached)

The claim that appellate counsel was ineffective for failing to complain about the numerous improper comments by the prosecution, which were repeatedly objected to by trial counsel, has been found to be constitutional, substantial, and meritorious. See Seehan v. Iowa, 37 F3d 389 (8th Cir. 1994) (granting federal habeas relief where counsel failed to raise claim of improper argument by the prosecution during closing argument) and Freeman v. Lane, 962 F2d 1252 (7th Cir. 1992) (granting habeas relief where appellate counsel failed to raise claim of improper closing argument).

-6B-

3. In Martinez v. Ryan, 132 S.Ct. 1309 (2012), the U.S. Supreme Court abrogated the procedural default rule governing collateral proceedings carved out in Coleman v. Thompson, 511 U.S. 722 (1991), in holding that a claim "in an initial review collateral proceeding" should not be barred on procedural grounds where it was filed without the assistance of counsel, or where it was counsel's deficient performance in filing the initial collateral review that led to the procedural bar. Also see Barnett v. Roper, 941 F.Supp2d 1099 (E.D. Mo., 2013) (applying Martinez v. Ryan, supra)

Since ineffective assistance of counsel during the post-conviction proceedings is the cause for the instant claim not being raised in the initial, timely filed postconviction relief motion, Martinez v. Ryan, supra, provides the gateway for the claim raised in the instant petition to be heard for the first time.

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___ No _X_

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

_____

_____

(e) Did you receive an evidentiary hearing on your motion or petition? Yes ___ No _X_

(f) Did you appeal from the denial of your motion or petition? Yes ___ No _x_

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes ___ No ___, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)   N/A

_____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain Post-conviction counsel was ineffective.

Other Remedies

(i) Describe all other procedures (such as administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

Filed Motion to Recall the Mandate in the Missouri

Court of Appeals, Eastern District. Denied as procedurally

barred.

7

**Claim Two:** _____N/A_____

_____

_____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

N/A

(2) Statement of exhaustion of state remedies as to claim two:

<u>Direct Appeal</u>

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No ___  N/A

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not _____N/A_____

_____

<u>Post-Conviction Proceedings</u>

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___ No ___  N/A

(d) If your answer to (c) is "Yes," state the type of motion or petition, the

N/A

8

name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

N/A

_____

(e) Did you receive an evidentiary hearing on your motion or petition?
Yes __ No __ N/A

(f) Did you appeal from the denial of your motion or petition?
Yes __ No __ N/A

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes __ No __, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

N/A

_____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

N/A

Other Remedies

(i) Describe all other procedures (such as administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

N/A

_____

_____

9

**Claim Three:** _____N/A_____

_____

_____

(1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim)

N/A

(2) Statement of exhaustion of state remedies as to claim three:

<u>Direct Appeal</u>

(a) If you appealed from the judgment of conviction, did you raise this issue? Yes ___ No ___   N/A

(b) If you did not raise this issue in your direct appeal, explain briefly why you did not _____N/A_____

_____

<u>Post-Conviction Proceedings</u>

(c) Did you raise this issue by means of a post-conviction motion or petition for habeas corpus in a state trial court? Yes ___ No ___   N/A

(d) If your answer to (c) is "Yes," state the type of motion or petition, the name and location of the court where the motion or petition was filed, the case number (if known), the result and the date of the court's decision

N/A

_____

_____

(e) Did you receive an evidentiary hearing on your motion or petition?
Yes __ No __ N/A

(f) Did you appeal from the denial of your motion or petition?
Yes __ No __ N/A

(g) If your answer to (f) is "Yes," state whether this issue was raised in the appeal, Yes __ No __, and state the name and location of the court where the appeal was filed, the case number and the date of the court's decision (or attach a copy of the court's opinion or order)

N/A

_____

_____

(h) If your answer to question (e), (f) or (g) is "No," briefly explain _____

N/A

### Other Remedies

(i) Describe all other procedures (such as administrative remedies, etc.) you have used to exhaust your state remedies as to the issue

N/A

_____

_____

18) Have all claims for relief raised in this petition been presented to the highest state court having jurisdiction? Yes __ No X  N/A

19) If you answered "No" to question 18, state which claims have not been so presented and briefly give your reasons(s) for not presenting them  All claims. Counsel on direct appeal and postconviction counsel were ineffective

_____

20) If any of the claims listed in this application were not previously presented in any other court, state or federal, state briefly what claims were not so presented, and give

11

your reasons for not presenting them __All claims. Counsel on direct appeal and postconviction counsel were ineffective__

21) Have you previously filed any type of petition, application or motion in a federal court regarding the conviction under attack? Yes ___ No _X_

If "Yes," answer the following and attach a copy of the court's decision for each petition, application, or motion filed:

    a)    Name and location of court __N/A__

    b)    Type of proceeding __N/A__

    c)    The issues raised __N/A__

    d)    The result __N/A__

## SUCCESSIVE APPLICATIONS

This court is required to dismiss any claim presented in a second or successive petition that the federal court of appeals has authorized to be filed unless the applicant shows that each claim satisfies the requirements of 28 U.S.C. § 2244, **as amended** by Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 106, 110 Stat. 1214 (Apr. 24, 1996).

22) If you are raising a claim which you have not presented in a prior application, have you obtained an order from the United States Court of Appeals for the Second Circuit authorizing this district court to consider the application? Yes ___ No ___ N/A
If "Yes," please attach a copy of the order.

23) Do you have any petition, application, motion or appeal now pending in any court, either state or federal, regarding the conviction under attack? Yes _X_ No ___. If "Yes," state the name of the court, case file number (if known), and the nature of the proceeding __Appeal from denial of motion for postconviction relief in Missouri Court of Appeals. Case No. ED102379__

12

## LEGAL REPRESENTATION

24) Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing  Herman Jimerson, 225 South Meramec Ave., St. Louis, MO  63105

(b) At arraignment and plea  same as above

(c) At trial  same as above

(d) At sentencing  same as above

(e) On appeal  Michael Gross, 190 Carondelet Plaza, St. Louis, Mo.  63105

(f) In any post-conviction proceeding  Kevin Schriener, 141 North Meramec, Clayton, MO 63105

(g) On appeal from any adverse ruling in a post-conviction proceeding  Amy Faerber, 1010 Market St., St. Louis, MO  63101

## OTHER CONVICTIONS

25) Were you sentenced on more than one count of an indictment or on more than one indictment, in the same court and at the same time?  Yes X  No __

26) Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?  Yes __ No x

(a) If so, give name and location of court which imposed sentence to be served in the future  N/A

13

(b) and give date and length of service to be served in the future: __N/A__

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? Yes __ No __ N/A

Wherefore, petitioner prays that the court grant him such relief to which he may be entitled in this proceeding.

_____  
Signature of Attorney (if any)

*Kenneth Sill*  
**Petitioner's Original Signature**

532213  
Petitioner's Inmate Number

_____  
Attorney's Full Address and  
Telephone Number

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the petitioner in this action, that he/she has read this petition and that the information contained in the petition is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at __Jefferson City, MO__ on __July 14, 2015__  
           (Location)              (Date)

*Kenneth Sill*  
**Petitioner's Original Signature**

14