UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH SILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15 CV 1095 RWS |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff Kenneth Sills seeks a writ of habeas corpus, under 28 U.S.C. § 2254, arguing that he was denied effective assistance of counsel on direct appeal and in his post-conviction proceeding. I referred this petition to United States Magistrate Judge Noelle Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). The Magistrate Judge recommended that I deny Sills' petition, because two of his three claims were procedurally defaulted and Sills fails to meet the standard for ineffective assistance of counsel for his third claim. Sills does not have an underlying substantial claim of inaffective assistance of counsel. For that reason, <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), does not apply to his two defaulted claims. Additionally, Sills does not show that he has been prejudiced by the prosecution's use of peremptory strikes. As a result, I will deny Sills' petition and dismiss this matter.

## BACKGROUND

Sills was convicted by a jury of first degree murder on December 9, 2010, and sentenced to life in prison without the possibility of parole on March 11, 2011. Sills was also sentenced to ten years' imprisonment for armed criminal action. Sills filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 on July 7, 2015. In his amended petition, Sills argues that his trial counsel was ineffective for (1) failing to assert his right to a public trial when a video was replayed for the jury during deliberations; (2) failing to request a mistrial based on the prosecutor's allegedly improper comments; and (3) failing to object to the prosecutor's allegedly pretextual use of peremptory strikes on black jurors.

Upon my referral, the Magistrate Judge recommended that I deny the first two claims because Sills did not raise them in his motion for post-conviction relief. The Magistrate Judge also recommended that I deny the third claim because Sills did not meet the Strickland requirement that he was prejudiced. Sills objects to both of these conclusions. [No. 22]. Sills argues that his first two claims "were apparent from the face of the record" and that they provide prima facie evidence that post-conviction counsel did not act reasonably. (ECF No. 24 at 1). He also argues that his third claim satisfies the Strickland prejudice requirement because the peremptory strikes allowed an allegedly unqualified juror to serve on the jury that convicted him.

## **LEGAL STANDARD**

I must conduct a de novo review of the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b). To prevail under § 2254, Sills must show that he has exhausted his state court remedies or that no effective process exists in state courts for protecting his rights. 28 U.S.C. § 2254(b). Sills must also show that the state court's adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Because he pleads ineffective assistance of counsel, Sills must also show that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient representation. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

## **ANALYSIS**

In support of his habeas petition, Sills argues that his trial counsel was ineffective for three reasons. First, Sills argues that his trial counsel should have objected when the judge allowed the jury into the courtroom during jury

3

deliberations to view a video. The video could not be played in the jury deliberation room. This viewing was closed to the public, but the judge allowed the parties' counsel to be present, so that the counsel could operate the audio-visual equipment. Out of "fairness," the judge also allowed the defendant to be present. (ECF No. 6-4 at 284). Sills argues that this sequence violated his right to a public trial. Second, Sills argues that his counsel should have requested a mistrial based on allegedly improper comments the prosecutor made in his closing arguments. Third, Sills argues that his counsel should have objected to the prosecutor's allegedly pretextual use of peremptory strikes on black jurors.

## I.  Procedural Default of Sills' First Two Ineffective Assistance of Counsel Claims

I may not review procedurally defaulted claims for habeas relief. To warrant review under 28 U.S.C. § 2254, a defendant must fairly present the substance of his claim to the state court, providing an opportunity for adjudication in that forum. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003). An exception may apply, however, if a petitioner alleges that his post-conviction counsel was ineffective for failing to claim ineffective assistance of the trial counsel. Martinez v. Ryan, 566 U.S. 1, 17. To satisfy this exception, the underlying ineffective assistance of counsel claim must be a "substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. As with any

ineffective assistance of counsel claim, the petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the petitioner was prejudiced as a result of that failure. Strickland v. Washington, 466 U.S. 668, 687-88.

Sills' trial counsel's performance did not fall below an objective standard of reasonableness for either of Sills' defaulted claims. First, jury deliberation is always closed to the public. See United States v. Olano, 507 U.S. 725, 737, (citing "the cardinal principle that the deliberations of the jury shall remain private and secret"). The unusual circumstance of the jury viewing a video in the courtroom, during their deliberations, due to an inability to show the video elsewhere, does not make those proceedings open to the public. Jury deliberations simply are not an event to which the right to a public trial applies. As a result, Sills' trial counsel would have been in error to object to this circumstance. His conduct did not fall below an objective standard of reasonableness. See Strickland v. Washington, 466 U.S. at 688. Sills has no substantial ineffective assistance of counsel claim on this point.

Sills' trial counsel also did not err in failing to request a mistrial because of the prosecutor's closing statements. Trial counsel objected to all of the four statements that Sills' believes should have resulted in a mistrial. Those four statements are as follows:

> (1) "We know the person that put three bullets in [the victim's] brain . . . is the defendant." (ECF No. 6-4 at 13).
> (2) "[T]hat is deliberation, to put three rounds into someone's face from point blank range, then to walk back to a car and fire five more shots." (Id. at 14).
> (3) "Now, [defense counsel] didn't bring it up because he can't . . . . [Petitioner] says no one saw him walk up and shoot. He is correct. Well, a bunch of people did, but they never came forward." (Id. at 44).
> (4) "Now, the records of the calls, all right. If I am saying something, I am going to bring in something to back it up. She didn't bring it in. He tried to put that back on me. She didn't bring any records in. If they exist, why wouldn't they have brought it in to support her testimony." (Id. at 50).

The trial court sustained trial counsel's objections to statements 2 and 3 and overruled objections to statements 1 and 4 because the latter were "argument." I agree with the Magistrate Judge that "the allegedly objectionable conduct does not rise to the level of egregiousness necessary to require the declaration of a mistrial." (ECF No. 22 at 9). Sills' objection that the "sheer number of improper comments," (ECF No. 24 at 3), required a mistrial is unpersuasive. As a result, Sills has no substantial underlying ineffective assistance of counsel claim concerning the prosecutor's closing arguments.

## II. The Strickland Requirements for Sills' Third Ineffective Assistance of Counsel Claim

Sills properly presented his third claim in state court post-conviction proceedings. He argues that his trial counsel was ineffective for failing to object, under Batson, to the prosecutor's allegedly pretextual explanation for its

6

peremptory challenges. In his state law criminal case, the prosecutor used five of six peremptory challenges against black venirepersons. Sills' trial counsel raised a <u>Batson</u> objection, arguing that those challenges were based on race. In response, the prosecutor stated the following reasons for exercising his challenges against those persons: two of them arrived late to court, one stated she would need fingerprint evidence to convict, one said that her family had been mistreated by the criminal justice system, and the fifth was influenced by her uncle's murder and the resulting judicial process.

    Sills now argues that his trial counsel should have objected to these explanations as pretextual. He also argues that the failure to object prejudiced him in that it allowed an allegedly unqualified juror, A.S., to become empaneled on the jury. Sills presents this argument most clearly in his post-conviction appeal, where he claims that A.S. was confused by certain legal concepts. (ECF No. 6-11 at 18). When trying to understand the concept of accomplice liability, A.S. stated that she would "have problems applying that to something if it was physical harm or murder." (Id.) After hearing another explanation, A.S. stated that she understood and could apply the concept of accomplice liability. (<u>Id.</u>) At another point during voir dire, A.S. stated that she did not understand a statement about the legal concept of alibi. (<u>Id.</u> at 19). Defense counsel had explained to the panel "if you are some place else and we can prove that, it's proven, you are not here then … not

guilty, of course, if he is some place else." (sic) (Id.). This latter statement, on its face, has unclear syntax. Defense counsel followed up by saying that the concept of an alibi was "not something you are going to hear in the case at all." (Id.)

I conclude that these statements do not demonstrate that A.S. was unqualified to serve on the jury. As a result, Sills does not demonstrate that he was prejudiced by his counsel's failure to object to allegedly pretextual explanations. Furthermore, Sills has not met his burden to establish that his counsel's performance fell below an objectively reasonable standard. He offers no evidence, beyond the number of excluded black jurors, that his counsel should have suspected the prosecutor's explanations were pretextual. "[N]umbers alone are not sufficient to establish or negate a prima facie [Batson] case." United States v. Dawn, 897 F.2d 1444, 1448 (8th Cir. 1990). Additionally, counsel should be careful that arguments at trial concerning peremptory strikes do "not become a trial within the trial." Id. at 1449. With these holdings and principles considered, I conclude that Sills' counsel acted reasonably when he objected to the prosecutor's peremptory challenges but did not object to the prosecutor's explanation for those challenges. As a result, Sills does not meet the Strickland requirements for ineffective assistance of counsel and his petition must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kenneth Sills petition for writ of habeas corpus, [No. 1], is **DENIED**. An appropriate judgment will accompany this Memorandum and Order.

                                                                                            /s/ Rodney W. Sippel
                                                                                            RODNEY W. SIPPEL
                                                                                            UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2018.